**ITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARY ALLEN KLOSTERHOFF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00786-NCC |
| | ) | |
| KATHRYN THUMANN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of Petitioner Gary Allen Klosterhoff's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). For the reasons explained below, the Court dismisses the petition.

## I. Background

Petitioner receives care at the St. Louis Forensic Treatment Center ("FTC"). In the petition, he identifies himself as a pretrial detainee in a state criminal case that is pending in the Circuit Court of Cape Girardeau County, Missouri, case number 22CG-CR01700. As of the date of this order, that case is not publicly available for review on Missouri Case.net, the State of Missouri's online docketing system.

In the petition, Petitioner asserts the following single ground for relief: "I am competent to stand t[rial]." *Id.* at 4. Petitioner did not indicate that he presented his claim in State court. With the petition, Petitioner provided a copy of the Circuit Court's March 27, 2025 order declaring him incompetent to stand trial. (Doc. 1-2). Petitioner also provided an unsigned and largely illegible handwritten note in which he appears to complain about his attorney. (Docs. 1-1). After filing the petition, Petitioner filed numerous supplemental materials. (Docs. 3-5; 8-13).

These materials are poorly organized and contain several unsigned, largely illegible handwritten notes. Consequently, it is difficult to determine how the materials relate to the claim Petitioner raises in the petition. To the extent the materials can be deciphered, Petitioner appears to claim innocence, and complain about his attorney. Petitioner included a disparate collection of records, including court materials from his 1990s divorce case, correspondence from this Court, phone logs, medical records, the FTC's contraband list, municipal ordinances and literature concerning laser safety, and bank records. Importantly, nothing in the record indicates that Petitioner tried to assert his claim in state court.

## II. Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires this Court to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

Based on a review of the petition under Rule 4, it plainly appears that Petitioner is not entitled to relief. A "petitioner seeking relief from state custody by means of a federal writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635–36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"). A prisoner can avoid the exhaustion requirement if he can demonstrate the

existence of special circumstances. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, Petitioner makes no attempt to show that he tried to exhaust his available remedies, and nothing in the record establishes the existence of special circumstances. Because Petitioner cannot show exhaustion of his claim and no special circumstances exist, the Court concludes that it plainly appears that Petitioner is not entitled to relief. The Court will therefore summarily dismiss Petitioner's petition. And because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this September 30th, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE